Argued January 17; affirmed February 26, 1935

PRICE *v.* PRICE ET AL.

(41 P. (2d) 450)

*John H. Carson,* of Salem (Carson & Carson, of Salem, on the brief), for appellant.

*W. C. Winslow,* of Salem, for respondents.

CAMPBELL, C. J.   This is a suit for the dissolution of a marriage contract.

The complaint sets out the various jurisdictional facts such as marriage, residence, etc., and then follows by alleging a score or more of charges of specific acts of cruelty committed by defendant against plaintiff.

The Ladd & Bush Trust Company, hereinafter referred to as the Trust Company, is also made defendant, plaintiff alleging in effect: That defendant Price, for the purpose of defrauding her, conveyed to the Trust Company certain real estate the day before their marriage; that said transfer was made without consideration and without the knowledge of, or notice to plaintiff, and was made for the purpose of defeating any

right plaintiff might thereafter acquire in said real estate by reason of her marriage. She further alleges that her name before her marriage to Price was Lyllis F. Kapphahn. She asks that the marriage contract be dissolved; that she be restored her former name; that the conveyance of the real estate by defendant Price to the Trust Company be set aside and that she be decreed to be owner of an undivided one-third interest in said real estate; that she be awarded such a sum of money in gross as might be just and proper for defendant to contribute to her support.

To this complaint, defendant Price filed an answer denying each and every material allegation except the jurisdictional and formal ones.

The Trust Company filed an answer in which it denied all the allegations of the marriage and acts of cruelty on lack of information and belief; admits that defendant Price did, on February 21, 1930, convey all the real property described in the complaint to the Trust Company in trust, and denied all allegations of fraud or that it holds said real property in trust for defendant Price. For a further and separate answer and defense it alleges in effect: That it is the custodian of certain funds belonging to various beneficiaries under certain trust agreements for the investment of said funds; that it loaned from said trust funds the sum of $5,000 to defendant Price and took said conveyance in trust as security for said sum, and is now holding the title to it, not for the benefit of defendant Price, but for the beneficiaries whom they specifically name. To this answer, no reply was filed.

The cause came on for trial, and after a full hearing, the circuit court found against plaintiff and dismissed her suit with prejudice as to defendant Price

and without prejudice as to the Trust Company. Plaintiff appeals.

Plaintiff and defendant are each past middle age and each the owner of property. Plaintiff was a widow with two children practically grown. Defendant was a widower with two children also practically grown. They intermarried February 22, 1930, and lived together until February 4, 1933, when plaintiff left the home and remained away until July 5 of the same year. She claims that she left on account of defendant's cruel treatment and that she returned because of his false promises and deceit. She remained a few weeks when she again left and she was still absent at the time of the trial.

The marriage would appear to be based more on convenience than on love and affection. It is the same old story of an attempt to rekindle the fires of romance after the emotions, on which romance is based, have grown cold with age. Every one wishes that what property he or she may have accumulated, by their thrift or industry, may, when they are through with it, be transmitted to those representing their own flesh and blood. This is a natural desire, more to be commended than censured. Yet it generally leads to marital dissension under such circumstances and conditions as exist in the instant case.

Neither society nor the legal profession would be benefited by a long recital of the evidence in the case. The questions involved are purely of fact and not of law. We have diligently read through the 467 typewritten pages of oral testimony given on the trial, and have carefully examined the 28 exhibits introduced in evidence. We have also attentively considered the masterful briefs of counsel as well as their able oral arguments in this court. But yet we cannot say that the

plaintiff has established, by a preponderance of the evidence, any of the alleged acts of cruelty, and therefore, conclude that the learned circuit court committed no error in dismissing the suit for the dissolution of the marriage contract with prejudice. It naturally follows that, plaintiff not being entitled to a divorce, her cause of suit against defendant Trust Company should be dismissed without prejudice.

The decree of the circuit court will be affirmed without costs to either party in this court and it is so ordered.

KELLY, ROSSMAN and BAILEY, JJ., concur.